# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national banking association, as successor-in-interest to the FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for Park National Bank,<br><br>         Plaintiff,<br> vs.<br><br>SANDY K. FRIEDRICHS, an individual; and DOES 1 through 50, inclusive,<br><br>         Defendants. | CASE NO.  12cv2373-GPC(KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PRELIMINARY INJUNCTION; SETTING BRIEFING SCHEDULE**<br><br>[Doc. No. 3.] |

On October 15, 2012, Defendant filed an *ex parte* motion for temporary restraining order and preliminary injunction seeking to restrain Plaintiff from foreclosing Defendant's property located at 1340 La Mirada Drive, San Marcos, California 92078. (Dkt. No. 3.) On October 18, 2012, the Court denied Defendant's *ex parte* motion for a temporary restraining order because the Court concluded that Defendant had not shown irreparable harm since Plaintiff had moved the sale of the property to November 15, 2012. (Dkt. No. 6.) The Court set a briefing schedule as to the motion for preliminary injunction. Defendant filed a supplemental brief on October 29, 2012. (Dkt. No. 15.) Plaintiff filed a reply on October 31, 2012. (Dkt. No. 16.) On November 9, 2012, the Court held a hearing on the motion for preliminary injunction. Brian Tanada appeared on behalf of Plaintiff and Sandy Zappia and non-party Albert Zappia appeared *pro se.* Based on the reasoning below, the Court GRANTS

Defendant's motion for preliminary injunction.

**Procedural Background**

On July 13, 2012, Plaintiff U.S. Bank National Association ("U.S. Bank"), as successor to the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Park National Bank ("Park National") filed a complaint in the Superior Court of San Diego against Defendant Sandy Friedrichs for appointment of receiver and judicial foreclosure. On September 28, 2012, Defendant Sandy Zappia and non-party Albert Zappia, Defendant's husband, proceeding *pro se*, removed the case to this Court. (Dkt. No. 1.) On October 12, 2012, the case was transferred to the undersigned judge. (Dkt. No. 2.) On October 15, 2012, Defendant filed an *ex parte* motion for temporary restraining order and preliminary injunction seeking to restrain Plaintiff from foreclosing Defendant's business property located at 1340 La Mirada Drive, San Marcos, California 92078. (Dkt. No. 3.) On October 18, 2012, the Court denied Defendant's *ex parte* motion for a temporary restraining order because the Court concluded that Defendant had not shown irreparable harm since Plaintiff had moved the sale of the property to November 15, 2012. (Dkt. No. 6.) The Court set a briefing schedule as the motion for preliminary injunction. Defendant filed a supplemental brief on October 29, 2012. (Dkt. No. 15.) Plaintiff filed an opposition on October 31, 2012. (Dkt. No. 16.) Defendant filed a reply on November 1, 2012. (Dkt. No. 28.)

**Factual Background**

Around April 9, 2007, GreenPoint Mortgage Funding lent Defendant, on a recourse basis, the principal sum of $340,000, secured by the property located at 1340 La Mirada Drive, San Marcos, CA 92078. (Dkt. No. 5-1, Ocepek Decl. ¶¶ 5-6; Ex. 1.) The loan was memorialized in a written Promissory Note. (Id.) On April 18, 2007, GreenPoint recorded a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") with the San Diego County Recorder's Office. (Id. ¶ 7; Ex. 2.) Defendant executed the Deed of Trust as trustor, to GreenPoint, as beneficiary, and to Marin Conveyancing Corp., as trustee. (Id.) According to the title policy issued in connection with the Loan, the Deed of Trust constitutes a first priority lien on the Property. (Id. ¶ 7; Ex. 2.)

On August 1, 2008, Park National recorded an "Assignment of Deed of Trust" whereby

GreenPoint assigned all of its right, title, and interest in, to and under the Note, Deed of Trust and Assignment to Park National. (Id. ¶ 9; Ex. 3.) The loan assignment was notarized on April 25, 2007 but executed by Patrick Nygard, Assistant VP of GreenPoint, on February 29, 2008.

On October 30, 2009, the FDIC placed Park National into receivership and assigned the assets of Park National, including the Loan, to U.S. Bank. (Id. ¶ 10; Ex. 4.) The Note was assigned from GreenPoint to Park National by way of an Endorsement on the last page of the Note. (Id. ¶ 6 ; Ex. 1.) When the FDIC closed Park National, the Note was assigned by the FDIC as Receiver for Park National to U.S. Bank by way of an Allonge to Note. (Id.) As a result of the Endorsement and Allonge, U.S. Bank is the current holder of the Note.

In late March 2012, non-party Albert Zappia submitted a check in the amount of $287,734.26 to U.S. Bank as an attempted payoff for the Loan. (Id. ¶ 12; Dkt. No. 1-2 at 55.) The check bore the notation "EFT Only for Discharge of Debt." (Dkt. No. 1-2 at 55.) The check was returned because it was written on a closed account. (Dkt. No. 5-1, Ocepek Decl., Ex. 5.)

A U.S. Bank statement dated April 16, 2012 indicated that the amount due was $0.00. (Dkt. No. 1-2 at 57.) In subsequent correspondence, outside counsel for U.S. Bank informed Defendant about the insufficient funds and that the loan was in default. (Dkt. No. 1-2 at 59.) Starting in April and May 2012, Defendant failed to make her monthly loan payment. (Dkt. No. 501, Ocepek Decl. ¶ 13.) Defendant's failure to pay the Loan is a default on the obligations for which the Deed of Trust is security. (Id.)

Around June 22, 2012, U.S. Bank recorded a Substitution of Trustee, wherein Beacon Default Management, Inc. became the successor trustee under the Deed of Trust. (Id. ¶ 14; Ex. 6.) U.S. Bank started non-judicial foreclosure proceedings by recording a notice of default and election to sell around June 22, 2012. (Id. ¶ 15; Ex. 7.) Around September 12, 2012, U.S. Bank noticed a trustee's sale on the property for October 18, 2012. (Id. ¶ 16.) The sale has been postponed until November 15, 2012. (Id. ¶ 17.)

**Discussion**

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary

relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Under the Ninth Circuit's "sliding scale" approach, the first and third elements are to be balanced such that "serious questions" going to the merits and a balance of hardships that "tips sharply" in favor of the movant are sufficient for relief so long as the other two elements are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," Winter, 555 U.S. at 22, and the moving party bears the burden of meeting all four Winter prongs. See Cottrell, 632 F.3d at 1135; DISH Network Corp. v. FCC, 653 F.3d 771, 776–77 (9th Cir. 2011).

**A.   Likelihood of Success on the Merits**

Defendant argues that the Assignment from GreenPoint to Park National Bank is invalid because it was not properly notarized. The Assignment was executed on February 29, 2008 by Patrick Nygard; however, the Assignment was notarized months earlier in April 2007. (Dkt. No. 5-1, Ex. 3.) Defendant cites to California law that states that a document that a notary witnesses must be complete at the time of notarization. Cal. Gov't Code § 8205(a)(2). Therefore, since the Assignment was notarized in April 2007 and the document was executed and signed on February 29, 2008, Defendant argues the document was not properly notarized and not properly assigned.

In a declaration, Plaintiff states that the "loan assignment was executed and notarized in April 2007 and became effective in February 2008 when the sale of the Loan to Park National was consummated." (Dkt. No. 5-1, Ocepek Decl. ¶ 9.) Plaintiff's declaration does not clarify the discrepancy. At the hearing, Plaintiff's counsel stated that Ocepek's statements are based on a review of the loan documents and not personal knowledge. On its face, there appears to be a discrepancy as the Assignment that raises questions as to the validity of the transfer to Park National Bank.

In addition, Defendant argues that Plaintiff failed to identify the Note ever being owned by Lehman Brothers Small Finance ("Lehman Brothers") and how her loan was later transferred to Park National Bank. (Dkt. No. 15, D's Mem. in Support of Prelim. Injunction, Exs. A, B.) By letter, Lehman Brothers informed Defendant that it purchased the Note from GreenPoint as of July 1, 2007.

(Id.) On March 17, 2008, Park National wrote Defendant indicating that it purchased her loan from Lehman Brothers. (Id.) Since there is no mention of Lehman Brothers in Plaintiff's documents, Defendant argues that the assignment to Plaintiff U.S. Bank is not valid as there was a break in the chain of ownership. Plaintiff did not address this issue in its reply. At the hearing, Plaintiff's counsel noted that he conducted further research subsequent to the filing of the reply and offered to file a supplemental brief.

Further, Defendant argues that the endorsement of the Note from GreenPoint to Park National Bank is not valid because the endorsement fails to provide any identifying information to indicate which loan the endorsement is referencing. (Dkt. No. 5-1 at 17.) In opposition, Plaintiff argues that an endorsement of a negotiable instrument must be "made on [the] instrument" citing to Cal. Com. Code § 3204. According to Plaintiff, the endorsement was on the last page of the Note and thus was affixed to the Note.

Plaintiff's counsel should brief whether the endorsement at issue is an endorsement or an allonge and whether the endorsement and/or allonge was properly affixed to the Note. See Multibank 2009-1RES-ADC Venture v. San Diego Comm. Hous. Corp., 2011 WL 1044612 (S.D. Cal. 2011) (concluding that the evidence did not demonstrate that the allonge was affixed to the note as there was no evidence that it was stapled or otherwise attached to the Note).

Therefore, based on what has been presented to the Court, the Court concludes that Defendant has made a sufficient showing of a likelihood of success on the merits as to the validity of the Assignment and Note.

**B.   Irreparable Harm to the Moving Party**

Defendant claims that she will suffer economic harm and displacement as her business is located at the property in dispute. She states that she has about 20 to 30 employees and the building is customized for the production of her company's goods. Plaintiff argues that Defendant can be compensated through monetary damages. The Court concludes that in the short term, Defendant will suffer irreparable harm as it would affect her business and employees.

**C.   Balancing the Equities**

In balancing the equities, the Court considers the impact on Plaintiff U.S. Bank. The Court will

order Defendant to post a bond and require Defendant to make monthly payments in an amount similar to what Defendant was paying prior to the default to be deposited into the Clerk of Court's Registry. These measures will limit the harm to Plaintiff and therefore, the balance of equities tip in favor of the Defendant.

**D.     Public Interest**

Since the injunction is narrow and limited in scope, the Court finds that the public interest is a neutral factor.

### Conclusion

Based on the above, at this time, the Court finds that Plaintiff has demonstrated the factors to justify a preliminary injunction. Accordingly, the Court **GRANTS** Defendant's motion for preliminary injunction pending further briefing by the parties. IT IS HEREBY ORDERED Plaintiff shall file a supplemental brief addressing the issues discussed above on or before **November 16, 2012.** Defendant shall file a supplemental response on or before **November 30, 2012**.

Defendant shall post a bond with the Clerk of Court in the amount of $100,000 no later than **November 15, 2012** pursuant to the procedures outlined in Civil Local Rule 65.1.2. Defendant shall also deposit with the Registry of the Clerk of Court the amount of $2,100.00 on or before **November 15, 2012** and shall additionally deposit $2,100.00 on a monthly basis to be made by the 15th of every month until further order of the Court.

IT IS SO ORDERED.

DATED: November 9, 2012

_____
HON. GONZALO P. CURIEL
United States District Judge