FILED

'13 JAN 17 PM 3:28

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: NO   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national banking association, as successor-in-interest to the FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for PARK NATIONAL BANK,<br><br>Plaintiff,<br>vs.<br><br>SANDY K. FRIEDRICHS, an individual, et al.,<br><br>Defendants. | CASE NO. 12cv2373-GPC(KSC)<br><br>ORDER DENYING EX PARTE MOTION TO COMPEL INSPECTION OF PROPERTY;<br><br>ORDER GRANTING EX PARTE MOTION TO QUASH SUBPOENA AS PREMATURE<br><br>[Doc. Nos. 8 and 88] |

The following matters are currently before the Court: (1) plaintiff's Ex Parte Motion to Compel Inspection of Property [Doc. No. 8] and defendant's Response thereto [Doc. No. 9]; and (2) counter-defendant Jocelyn Bigall's Ex Parte Motion to Quash Subpoena as Premature [Doc. No. 88], as well as defendant's Opposition thereto. [Doc. No. ___.] For the reasons outlined below, the Court finds that plaintiff's Ex Parte Motion to Compel Inspection of Property must be DENIED without prejudice and counter-defendant's Ex Parte Motion to Quash Subpoena as Premature must be GRANTED.

## BACKGROUND

On July 13, 2012, plaintiff U.S. Bank National Association, as successor to the Federal Deposition Insurance Corporation ("FDIC"), as receiver for Park National Bank, filed a Verified Complaint for: (1) Specific Performance; and (2) Judicial Foreclosure in San Diego County Superior

1  Court ("Complaint") against defendant Sandy Friedrichs. [Doc. No. 1-1, at p. 3.] The subject real
2  property is a business located in San Marcos. [Doc. No. 1-1, at p. 3; Doc. No. 33, at p. 2.]
3        On September 28, 2012, defendant Sandy Friedrichs, now known as Sandy Zappia, and non-
4  party Albert Patrick Zappia, defendant's husband (collectively, "the Zappias"), proceeding *pro se*,
5  removed the case to this Court based on diversity of citizenship. [Doc. No. 1, at 1-4.] On October 15,
6  2012, the Zappias filed an Ex Parte Application seeking a temporary restraining order or permanent
7  injunction preventing plaintiffs from foreclosing on the property. The Zappias argued that plaintiffs
8  did not have an enforceable interest in the property or a valid assignment of the Deed of Trust. [Doc.
9  No. 3-1, at p. 10.] Although the District Court denied the Zappias request for a temporary restraining
10 order on October 18, 2012 [Doc. No. 6], their request for a preliminary injunction was granted by the
11 District Court on November 9, 2012. [Doc. No. 33.]
12       The District Court granted the request for a preliminary injunction because the Zappias were
13 able to make a sufficient showing of a likelihood of success on the merits. According to the District
14 Court, the Zappias were able to point to irregularities in the chain of ownership, including an
15 Assignment of a Promissory Note and Deed of Trust concerning the subject property that does not
16 appear to be properly notarized. As a result, the District Court's Order Granting Defendant's Motion
17 for Preliminary Injunction questions whether plaintiff has a right to foreclose on the subject property.
18 The District Court ordered additional briefing on the issues, and the matter is still pending at this time.
19 [Doc. No. 33, at pp. 4-6.]
20       On November 1, 2012, the Zappias filed an Answer to the Complaint and Counterclaims for
21 Damages and Other Relief against plaintiff and several individuals identified as Nicholas Ocepek,
22 Erica Itskovich, Jocelyn Bigall, and Patrick Nygard. [Doc. No. 19, at pp. 1-2.] Although the Zappias
23 filed an Answer to the Complaint and a Counterclaim, the pleadings remain unsettled. Matters
24 currently pending before the District Court include plaintiff's Motion to Dismiss the Counterclaims
25 for Failure to State a Claim [Doc. No. 42]; the Zappias' Motion to Dismiss the Complaint for Failure
26 to State a Claim [Doc. No. 22]; Albert Patrick Zappia's Motion to Intervene based on his alleged
27 interest in the subject property [Doc. No. 24]; and a Motion to Dismiss Counterclaims by counter-
28 defendants Jocelyn Bigall and Patrick Nygard [Doc. No. 79].

1 **_DISCUSSION_**

2  Discovery is generally not permitted without a court order before the parties have conferred
3 pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1) Courts in the Ninth Circuit
4 generally grant requests for expedited discovery when the moving party shows good cause. *Semitool,*
5 *Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275-276 (N.D. Cal. 2002). "'Good cause may be found
6 where the need for expedited discovery, in consideration of the administration of justice, outweighs
7 the prejudice to the responding party.' [Citation omitted.] In determining whether good cause justifies
8 expedited discovery, courts commonly consider factors including: '(1) whether a preliminary
9 injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the
10 expedited discovery; (4) the burden on the [party opposing expedited discovery] to comply with the
11 requests; and (5) how far in advance of the typical discovery process the request was made.' [Citation
12 omitted.]" *Apple Inc. v. Samsung Electronics Co., Ltd.*, 768 F.Supp.2d 1040, 1044 (N.D.Cal. 2011).

13  Here, because the pleadings remain unsettled, the Court has not set a Rule 26(f) conference.
14 As a result, the parties' papers involve requests for expedited discovery, and the requesting party must
15 therefore make a showing of good cause.

16  ***Plaintiff's Motion to Compel Inspection of Property***

17  In its Ex Parte Motion to Compel Inspection of Property, plaintiff has represented that
18 photographs of the subject property show it is being used for the storage and maintenance of motorized
19 vehicles. [Doc. No. 8, at p. 6.] On August 2, 2012, plaintiff served defendant with an inspection
20 demand seeking to conduct an environmental examination of the subject property. [Doc. No. 8, at p.
21 6.] Plaintiff claims that an environmental inspection of the property must be completed before the
22 foreclosure process can proceed. [Doc. No. 8, at p. 7-8.] In addition, plaintiff claims that Section 13(a)
23 of a Deed of Trust on the property gives it the right to conduct an environmental inspection of the
24 subject property "during normal business hours, or any other reasonable time." [Doc. No. 8, at p. 9.]
25 However, defendant has refused to allow plaintiff any access to the property, to meet and confer to
26 resolve the dispute, and to participate in the filing of a joint motion. [Doc. No. 8, at pp. 6-7.]
27 / / /
28 / / /

Therefore, on an ex parte basis, plaintiff seeks an order compelling defendant to allow an inspection of the subject property. [Doc. No. 8, at p. 10.][1]

Plaintiff has not presented the Court with any authority for enforcing Section 13(a) of the subject Deed of Trust. Nor has plaintiff argued there is good cause to complete an inspection of the property prior to the Rule 26(f) conference. In addition, after plaintiff filed its Ex Parte Motion, the District Court granted defendant's request for a preliminary injunction. In the Order Granting Defendant's Motion for Preliminary Injunction, the District Court questioned whether plaintiff has a valid right to proceed with a foreclosure of the subject property. [Doc. No. 33, at pp. 4-6.] Therefore, at this time, an environmental inspection of the subject property is not necessary or appropriate. A demand for an inspection of the property is also premature under Federal Rule 26(d)(1) because the parties have not yet completed a Rule 26(f) conference.

In short, given the procedural posture of the case, the Court finds that plaintiff's Ex Parte Motion to Compel must be DENIED without prejudice. Plaintiff may renew its request if it can show good cause for expedited discovery, if the District Court dissolves the preliminary injunction, or if the parties have completed a Rule 26(f) conference pursuant to an order of the Court. Prior to renewing

///

---

[1] "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1). Local Rules also require the parties to meet and confer before seeking the Court's assistance in resolving discovery matters. Local Rule 26.1(a) states in part as follows: "The court will entertain no motion pursuant to Rules 26 through 37, Fed.R.Civ.P., unless counsel have previously met and conferred concerning all disputed issues. . . . If counsel have offices in the same county, they are to meet in person. If counsel have offices in different counties, they are to confer by telephone. Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." CivLR 26.1(a). In addition, Chambers' Rules require the parties to satisfy meet and confer requirements and to bring any motion to compel discovery be brought by joint motion. Chambers' Rules, §§ V. A. & B. "An *ex parte* motion to compel is only appropriate under circumstances where the opposing party refuses to participate in contributing to the joint motion after a reasonable opportunity has been provided, or if the motion to compel is directed to a non-party." Chambers' Rules, § V. D. "All *ex parte* applications . . . are to include . . . **a separate affidavit indicating reasonable and appropriate . . . meet and confer efforts made to resolve the dispute without the Court's intervention.**" Chambers' Rules, § VI. "Any person who is appearing propria persona, (without an attorney) (i.e. pro se) . . . is bound by these rules of court and by Fed.R.Civ.P. . . ., as appropriate. Failure to comply therewith may be ground for dismissal or judgment by default." CivLR 83.11(a). Sanctions may also be imposed for failure to satisfy meet and confer requirements. CivLR 26.1(a). In short, the Zappias are forewarned that they are not exempt from the meet and confer requirements.

1 its request, plaintiff must, of course, undertake appropriate meet and confer efforts and attempt to file
2 the request as a joint motion.

### *Counter-Defendant Jocelyn Bigall's Ex Parte Motion to Quash Subpoena*

4 Counter-defendant Jocelyn Bigall ("Ms. Bigall") was named as a party to the action in the Counterclaims filed by the Zappias on November 1, 2012. [Doc. No. 19.] On or about December 17, 2012, the Zappias served Ms. Bigall with a Subpoena Duces Tecum. [Doc. No. 88, at p. 5; Doc. No. 88-1, at pp. 14-16.] The Subpoena seeks information from Ms. Bigall, as well as inspection of several different types of notary documents for the period April 1, 2007 through February 29, 2008. [Doc. No. 88-1, at p. 16.]

10 After it was served, Ms. Bigall's counsel telephoned the Zappias and asked them to withdraw the Subpoena as premature under Rule 26(d)(1). The Zappias refused to withdraw the Subpoena, and they indicated they would only communicate with counsel in writing. As a result, counsel was unable to meet and confer as required by the above-referenced rules and filed an Ex Parte Motion seeking relief. [Doc. No. 88-1, at p. 3, 20.]

15 On January 14, 2013, the Zappias submitted an Opposition to the Ex Parte Motion. In their Opposition, the Zappias argue that the Court should deny Ms. Bigall's Ex Parte Motion. They believe the documents and information requested in the Subpoena are likely to resolve concerns expressed by the District Court in its Order of November 9, 2012. As noted above, the District Court issued an Order Granting Defendant's Motion for Preliminary Injunction on November 9, 2012, because the Zappias were able to make a sufficient showing of a likelihood of success on the merits. The District Court's ruling focused on irregularities in the chain of ownership, including an Assignment of a Promissory Note and Deed of Trust concerning the subject property that does not appear to be properly notarized. The District Court ordered plaintiff to submit additional briefing on the issues. [Doc. No. 33, at pp. 4-6.] The District Court's Order does not require any supplemental briefing by the Zappias. [Doc. No. 33, at p. 6.]

26 On November 16, 2012, plaintiff submitted a Supplemental Brief as required by the District Court's Order. Plaintiff's Supplemental Brief, as well as an accompanying Declaration and exhibit, indicate that Ms. Bigall notarized the above-referenced Assignment on April 25, 2007. [Doc. No. 35,

at p. 2, Doc. No. 35-2, at pp. 1-7.] The Zappias' Subpoena does appear to include a request for a copy of the line item for this transaction in Ms. Bigall's notary public journal. However, the Subpoena is broadly worded and requests information and numerous documents that are not clearly relevant to the matters currently before the District Court. [Doc. No. 88-1, at p. 16.] As a result, the Zappias have not met their burden of establishing there is good cause for expedited discovery of all of the documents and information they seek in their Subpoena. The Court therefore finds that Ms. Bigall's Ex Parte Motion to Quash the Subpoena must be GRANTED. However, this ruling is without prejudice.

Based on the foregoing, the Zappias may narrowly seek expedited discovery from Ms. Bigall of a copy of the line item from her notary public journal for the subject Assignment that she apparently notarized on April 27, 2007. Because Ms. Bigall is a party to the action, the Zappias' request may be made pursuant to Federal Rule of Civil Procedure 34[2] and/or California Government Code Sections 8206 and 8206.5, and not by way of a subpoena under Federal Rule of Civil Procedure 45. Any such request shall clearly identify the specific document that was notarized, as well as the month and year in which it was notarized. See Cal. Gov't Code § 8206, subd. (c).

IT IS SO ORDERED.

Date: Jan. 17, 2013

_____
KAREN S. CRAWFORD
United States Magistrate Judge

---

[2] When a party to the action is simply seeking production of documents from another party, the requesting party should proceed under Rule 34, not with a subpoena pursuant to Rule 45. Fed.R.Civ.P. 30 advisory committee's note.