1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

U.S. BANK NATIONAL ASSOCIATION, a
national banking association, as successor-in-
12   interest to the FEDERAL DEPOSIT
INSURANCE CORPORATION, Receiver
13   for Park National Bank,

14                                              Plaintiff,

15          vs.

16

17

18

19   SANDY K. FRIEDRICHS, an individual; and
DOES 1 through 50, inclusive,

20                                              Defendant.

21

22

CASE NO.  12cv2373-GPC(KSC)

**ORDER 1) GRANTING ALBERT
ZAPPIA'S MOTION TO INTERVENE;
2) DENYING DEFENDANTS' MOTION
TO DISQUALIFY PLAINTIFFS'
ATTORNEY WAYSER AND TANADA;
3)DENYING DEFENDANTS' MOTION
TO DISMISS; 4) GRANTING
COUNTERDEFENDANT U.S. BANK'S
MOTION TO DISMISS
COUNTERCLAIM; 5) GRANTING
COUNTERDEFENDANTS NYGARD
AND BIGALL'S MOTION TO
DISMISS; 6) GRANTING
COUNTERDEFENDANT OCEPEK'S
MOTION TO DISMISS; 7)
DISMISSING COUNTERDEFENDANT
ITSKOVICH WITH PREJUDICE**

[Dkt. Nos. 22, 24, 26, 42, 57, 65, 73, 79.]

23          On November 2, 2012, Defendant Sandy Friedrichs and non-party Albert Zappia filed a motion

24   to dismiss the complaint; motion to intervene by Albert Zappia; and motion to disqualify Plaintiff's

25   counsel Joshua Wayser.  (Dkt. Nos. 22, 24, 26.)  Plaintiff filed an opposition to all motions on

26   November 30, 2012. (Dkt. Nos. 44, 45, 46.) Defendant filed a reply on December 17,  2012.  (Dkt.

27   Nos. 66, 67, 68.)  On November 29, 2012, Plaintiff and Counterdefendant U.S. Bank filed a motion

28   to dismiss counterclaim for damages. (Dkt. No. 42.) On December 21, 2012, Counterdefendant Erica

[12cv2373-GPC(KSC)]

1   Itskovich filed a notice of conditional joinder in U.S. Bank's motion to dismiss and Declaration of

2   Non-Monetary status pursuant to California Civil Code § 2924l.   (Dkt. Nos. 73, 74.)

3   Counterdefendant Nicholas Ocepek also filed a notice of joinder in U.S. Bank's motion to dismiss.

4   (Dkt. No. 57.)   Counterclaimants filed an opposition on December 21, 2012.   (Dkt. No. 76.)   U.S.

5   Bank filed a reply on January 4, 2013.   (Dkt. No. 84.)

6   On December 14, 2012, Defendant Sandy Friedrichs and non-party Albert Zappia filed a

7   motion to disqualify Plaintiff's counsel Brian Tanada.   (Dkt. No. 65.)   Plaintiff filed an opposition on

8   January 4, 2013.   (Dkt. No. 85.)   Defendant filed a reply on January 18, 2013.   (Dkt. No. 94.)

9   On December 28, 2012, Counterdefendants Patrick Nygard and Jocelyn Bigall filed a motion

10   to dismiss counterclaims.   (Dkt. No. 79.)   Counterclaimants filed an opposition on January 23, 2013.

11   (Dkt. No. 98.)   Counterdefendants filed a reply on February 1, 2013.   (Dkt. No. 100.)

12   The motions are submitted on the papers without oral argument, pursuant to Civil Local Rule

13   7.1(d)(1).   After a review of the briefs, supporting documentation, and applicable law, the Court

14   GRANTS Albert Zappia's motion to intervene; DENIES Defendants' motion to disqualify Plaintiffs'

15   attorney Wayser and Tanada; DENIES Defendants' motion to dismiss.   As to the counterclaim, the

16   Court DISMISSES Counterdefendant Itskovich with prejudice and GRANTS remaining

17   counterdefendants' motion to dismiss.

18   **Procedural Background**

19   On July 13, 2012, Plaintiff U.S. Bank National Association ("U.S. Bank"), as successor to the

20   Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Park National Bank ("Park

21   National") filed a complaint in the Superior Court of San Diego against Defendant Sandy Friedrichs,

22   also known as Sandy Zappia, for appointment of receiver and judicial foreclosure.   On September 28,

23   2012, Defendant Sandy Zappia and non-party Albert Zappia, Defendant's husband, proceeding *pro*

24   *se*, removed the case to this Court.   (Dkt. No. 1.)   On October 12, 2012, the case was transferred to the

25   undersigned judge.   (Dkt. No. 2.)   On October 15, 2012, Defendant filed an *ex parte* motion for

26   temporary restraining order and preliminary injunction seeking to restrain Plaintiff from foreclosing

27   Defendant's business property located at 1340 La Mirada Drive, San Marcos, California 92078.   (Dkt.

28   No. 3.)   On October 18, 2012, the Court denied Defendant's *ex parte* motion for a temporary

1   restraining order because the Court concluded that Defendant had not shown irreparable harm since

2   Plaintiff had moved the sale of the property to November 15, 2012.  (Dkt. No. 6.)  After further

3   briefing and hearing oral argument on the motion for preliminary injunction, on November 9, 2012,

4   the Court granted Defendant's motion for preliminary injunction pending further briefing.  (Dkt. Nos.

5   30, 33.)   On November 1, 2012, Counterclaimants Sandy Zappia and Albert Zappia filed a

6   Counterclaim against Counterdefendants U.S. Bank, Nicholas Ocepek, Erica Itskovich, Jocelyn Bigall

7   and Patrick Nygard.  (Dkt. No. 19-1.)

8                                    **Factual Background**

9            Around April 9, 2007, GreenPoint Mortgage Funding lent Defendant Sandy Friedrichs, on a

10  recourse basis, the principal sum of $340,000, secured by the property located at 1340 La Mirada

11  Drive, San Marcos, CA  92078.  (Dkt. No. 1-1, Compl. ¶ 5.)  The loan was memorialized in a written

12  Promissory Note.  (Id. ¶ 6; Ex. 2.)  On April 18, 2007, GreenPoint recorded a "Deed of Trust,

13  Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") with the San Diego

14  County Recorder's Office.  (Id. ¶ 7; Ex. 3.)  Defendant executed the Deed of Trust as trustor, to

15  GreenPoint, as beneficiary, and to Marin Conveyancing Corp., as trustee.  (Id.)  On August 1, 2008,

16  Park National recorded an "Assignment of Deed of Trust" whereby GreenPoint assigned all of its right,

17  title, and interest in, to and under the Note, Deed of Trust and Assignment to Park National.  (Id. ¶ 10;

18  Ex. 4.)  On October 30, 2009, the FDIC placed Park National into receivership and assigned the assets

19  of Park National, including the Loan, to U.S. Bank.  (Id. ¶ 10; Ex. 5.)

20           Section 3 of the Deed of Trust contains a provision entitled, Assignment of Rents;

21  Appointment of Receiver; Lender in Possession which assigns to Lender rents, issues, and profits from

22  the property.  (Id. ¶ 8.)  It also allows Lender to collect, sue for and compromise rents and to direct

23  tenants of the Property to pay all rent to, or as directed by Lender upon the occurrence of an event of

24  default; and also allows the Lender to seek an appointment of receiver through the courts.  (Id.)

25           Defendant failed to make her monthly payments starting in March 2012.  (Id. ¶ 11.)

26  Defendant's failure to pay the loan is a default on the obligations for which the deed of trust is security.

27  (Id. ¶ 12.)  As of June 18, 2012, the principal amount due and owing was $282,834.66, plus accrued

28  default interest, late charges, and other fees.  (Id.)  Plaintiff seeks specific performance for appointment

1  of receiver and judicial foreclosure against Defendant Sandy Friedrichs.

2  **Discussion**

3  **I.**

4  **The Complaint**

5  **A.      Albert Zappia's Motion to Intervene**

6  Albert Zappia moves to intervene pursuant to Federal Rule of Civil Procedure 24.  Plaintiff

7  does not oppose the motion to intervene stating that while "Mr. Zappia is not a party to any of the Loan

8  documents, he claims an ownership interest in the Property."  (Dkt. No. 44.)  Accordingly, since

9  Plaintiff does not oppose the motion to intervene and Albert Zappia claims an ownership interest in

10  the property, the Court GRANTS Albert Zappia's Motion to Intervene as a defendant.

11  **B.      Defendants' Motion to Disqualify Counsel**

12  Defendants filed two motions to disqualify Plaintiffs' counsel Joshua Wayser and Brian

13  Tanada.  They argue that an attorney cannot submit evidence to the Court and also be called upon as

14  a witness in a case.  Defendants maintain that Wayser and Tanada filed declarations in this case stating

15  they have "personal knowledge of the fact set forth below, which I could and would testify to if called

16  upon to do so."  (Dkt. No. 26-1, Ds' Mot. at 3; Dkt. NO. 65-1, Ds' Mot. at 4.)  Since both counsel may

17  testify at trial, Defendants assert both counsel should be disqualified.

18  In addition, Defendants claim that Wayser violated the California Rules of Professional Code by trying

19  to intimidate them.  Plaintiff opposes.

20  A motion to disqualify based on the attorney being called as a witness "must be supported by

21  a showing that an attorney will give evidence material to the determination of the issues being litigated

22  and that the evidence is unobtainable elsewhere." Janda v. City of Henderson, 05-cv-841-LDG-LRL,

23  2007 WL 539737, *2 (D. Nev. Feb. 14, 2007); Feingold v. Liberty Mut. Group, 11-5364, 2011 WL

24  6085829, *3  (E.D. Pa. 2011) (party seeking disqualification must demonstrate testimony is material;

25  cannot be obtained elsewhere; and would be prejudicial to the testifying attorney's client).

26  As to Wayser, besides stating that Defendants intend to call Wayser as a witness concerning

27  his knowledge about the "check tendered as payoff," Defendants have not shown that Wayser's

28  testimony is material and that the evidence cannot be obtained elsewhere.  It is unclear why facts

1   surrounding the check tendered as payoff cannot be obtained through documents or other employees

2   of U.S. Bank.

3          As to Tanada, Defendants state they seek to cross-examine him on the information relied on

4   forming his valuation of properties for purposes of the bond.  However, counsel's declaration does not

5   provide his opinion on the valuation of the property but is based on documents from websites

6   concerning valuation.  Moreover, the valuation of properties for the bond have nothing to do with the

7   merits of the case.  The Court concludes that Defendants have not shown that Wayser or Tanada is a

8   necessary witness in this case.

9          Defendants also claim that Wayser violated California Rules of Professional Conduct Rule 5-

10  100 which states that a "member shall not threaten to present criminal, administrative, or disciplinary

11  charges to obtain an advantage in a civil dispute."  Cal. R. Prof. Conduct R. 5-100.  They allege that

12  in a letter dated September 7, 2012, Wayser wrote to Defendant Sandy Friedrichs and threatened

13  "monetary sanctions" if Defendant failed to comply with the inspections scheduled for September 7,

14  2012.  (Dkt. No. 26-1, Ds' Mot., Exs. A, B.)

15         According to the letter dated August 2, 2012, U.S. Bank sent Friedrichs an inspection demand

16  to access the property to conduct a Phase II environmental test.  (Dkt. No. 26-1, Ds' Mot., Ex. B.) As

17  a follow up, on September 12, 2012, U.S. Bank sent Friedrichs another letter requesting that she

18  provide a date to inspect the property.  The letter also further stated "[o]therwise, we will move this

19  Court to order a date certain for the inspection and demand monetary sanctions based on your failure

20  to comply."  (Dkt. No. 26-1, Ds' Mot., Ex. A.)

21         California Civil Procedure Code section 2031.010(d) allows a party to demand that a party

22  allow it to inspect property at issue.  Cal. Civ. Proc. Code § 2031.010(d).  The Code requires parties

23  to meet and confer before filing a motion to compel.  Cal. Civ. Proc. Code §§ 2016.040;

24  2031.310(b)(2).  The provision also allows for monetary sanctions.  Cal. Civ. Proc. Code §

25  2031.300(c).

26         First, the Court concludes that seeking monetary sanctions does not amount to a threat of

27  criminal, administrative or disciplinary charges.  Second, monetary sanctions are permissible under

28  the statute.  See Cal. Civ. Proc. Code § 2031.300(c).  The Court concludes that Wayser's letter does

1   not constitute a violation under California Rules of Professional Conduct 5-100.  Accordingly, the

2   Court DENIES Defendants' motion to disqualify Wayser and Tanada as Plaintiffs' counsel.

3   **C.      Legal Standard for Federal Rule of Civil Procedure 12(b)(6)**

4          Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon

5   which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate

6   where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal

7   theory.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal

8   Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement

9   of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what

10  the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

11  555 (2007).

12         A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations

13  as true, it contains enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v.

14  Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has

15  facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16  inference that the defendant is liable for the misconduct alleged."  Id.  "Threadbare recitals of the

17  elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "In sum,

18  for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable

19  inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

20  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).  In reviewing a

21  Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all

22  reasonable inferences in favor of the plaintiff.  al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

23         However, because Plaintiffs are proceeding *pro se*, their complaint "must be held to less

24  stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed."

25  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviewing *pro se*

26  complaints post-Twombly).  The Ninth Circuit has concluded that the court's treatment of *pro se*

27  filings after Twombly and Iqbal remained the same and *pro se* pleadings must continue to be liberally

28  construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); see also McGowan v. Hulick, 612 F.3d

1  636, 640-42 (7th Cir. 2010); <u>Bustos v. Martini Club Inc.</u>, 599 F.3d 458, 461-62 (5th Cir. 2010); <u>Harris</u>

2  <u>v. Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following <u>Twombly</u> and <u>Iqbal</u>, "we

3  remain obligated to construe a *pro se* complaint liberally").

4  **D.     Defendants' Motion to Dismiss the Complaint**

5          Defendants move to dismiss the Complaint based on the following allegations: 1) that the

6  assignment of the Deed of Trust from GreenPoint to Park National is invalid because the date of

7  notarization predates the date of assignment; 2) that U.S. Bank is not the proper owner of the note

8  because the endorsement transferring the Note from GreenPoint to Park National does not have any

9  identifying information indicating it belongs to the Note and the Complaint fails to identify Lehman

10  Brothers as ever having owned the note; and 3) the debt has been satisfied by an offer of performance

11  with an electronic funds transfer.

12          Essentially, Defendants are arguing the merits of the case rather than addressing whether

13  Plaintiff has alleged a claim for specific performance for appointment of receiver and judicial

14  foreclosure.  On a Rule 12(b)(6) motion, the Court looks at whether Plaintiff has set forth a "short and

15  plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair

16  notice of what the . . . claim is and the grounds upon which it rests."  <u>See</u> <u>Twombly</u>, 550 U.S. at 555.

17          Under California law, a receiver may be appointed by the court "in an action by a secured

18  lender for specific performance of an assignment of rents provision in a deed of trust." Cal. Civ. Proc.

19  Code § 564(b)(11).  In the Complaint, Plaintiff alleges that the Assignment of Rents provision of the

20  Deed of Trust at issue grants U.S. Bank the right to the appointment of a receiver in the event of a

21  default.  (Dkt. No. 1-1, Compl. ¶ 8;  Ex. 3, Deed of Trust § 3(d).)[1]  Plaintiff also alleges that around

22  August 1, 2008, Park National caused to be recorded an Assignment of Deed of Trust whereby

23  GreenPoint assigned all rights, title,  and interest under the Note and Deed of Trust to Park National.

24  (<u>Id.</u> ¶ 10; Ex. 4.)  Then on October 30, 2009, the FDIC placed Park National into receivership and

25  assigned the assets of Park National, including the loan, to U.S. Bank.  (<u>Id.</u> ¶ 10; Ex. 5.)  Therefore,

26  _____

27          [1]On a motion to dismiss for failure to state a claim, the Court may consider attachments to the
    complaint and documents referred to it where the authenticity is not challenged.  <u>Cooper v. Pickett</u>,
28  137 F.3d 616, 622 (9th Cir. 1997).  Here, the parties do not dispute the authenticity of the Deed of
    Trust.

[12cv2373-GPC(KSC)]

1    the Court finds that Plaintiff has sufficiently alleged a claim for an appointment of a receiver.

2        As to the foreclosure claim, a successor-in-interest may bring a claim for foreclosure to recover

3    any debt or the enforcement of any right secured by a deed of trust.  Cal. Civ. Proc. Code §§ 725a;

4    726(a).  The Complaint alleges that Defendant Friedrichs failed to make her monthly loan payments

5    since April 2012.  (Dkt. 1-1, Compl. ¶ 11.)  Defendant's failure to pay the loan is a default on the

6    obligations for which the Deed of Trust is security.  (Id. ¶ 12.)  As of June 18, 2012, the principal

7    amount due and owing was at least $282,834.66, plus accrued default interest, late charges, and other

8    fees and costs.  (Id.)  The Deed of Trust provides for when a default occurs and the Lender's remedies.

9    (Id., Ex. 3 Deed of Trust.)  The Court concludes that Plaintiff has sufficiently alleged a claim for

10   foreclosure.  Accordingly, the Court denies Defendant's motion to dismiss the Complaint.

11                                          **II.**

12                                   **The Counterclaim**

13   **A.       Counterdefendants' Motion to Dismiss the Counterclaim**

14       On November 1, 2012, Counterclaimants Sandy Friedrichs and Albert Zappia filed a

15   counterclaim alleging misrepresentation[2], negligent misrepresentation, fraud, mail fraud, bank fraud,

16   and RICO against Counterdefendants U.S. Bank, Nicolas Ocepek, Erica Itskovich, Jocelyn Bigall, and

17   Patrick Nygard.  All counterdefendants filed a motion to dismiss the counterclaim.

18       Counterclaimants' allegations are based on an alleged improper assignment of the Deed of

19   Trust from Greenpoint to Park National based on the discrepancy in the date of the assignment such

20   that U.S. Bank is not the proper owner of the Deed of Trust.  Second, they contend that the chain of

21   the Note was not properly transferred and that U.S. Bank failed to identify the Note as ever being

22   owned by Lehman Brothers Small Business Finance.

23   **B.       Counterclaimant Itskovich's Declaration of Non-Monetary Status**

24       On December 21, 2012, Counterdefendant Erica Itskovich filed a Declaration of Non-Monetary

25

26       [2]As the counterdefendants note, misrepresentation is not an independent tort but an element
     to prove fraud.  The Court also notes that in their claim for misrepresentation, counterclaimants cite
     to California Civil Codes sections 1709; 1710 and 1572 which concern the tort of fraud.  Lazar v.
27   Superior Court, 12 Cal. 4th 631, 637 (1996) (citing Cal. Civil Code section 1709 as to elements of
     fraud).  The Court concludes that misrepresentation is not an independent cause of action but an
28   element of fraud.

Status pursuant to California Civil Code section 2924l. No party has filed an opposition to the Declaration of Non-Monetary Status.

California Civil Code section 2924l allows a trustee under a deed of trust to file a declaration of nonmonetary status. Cal. Civ. Code § 2924l. The parties must file any objections to the nonmonetary judgment status of the trustee within 15 days from the service of the declaration by the trustee. Id. If no objections are filed, the trustee is not required to participate in the proceeding. Id.

The Ninth Circuit has not ruled on whether a section 2924l declaration is recognized in district court. MB Fin. Bank, N.A. v. Trek Equip. Corp., 12-cv-0473 NC, 2012 WL 6217650, *2 (N.D. Cal. 2012). District courts in California are divided over whether a trustee may seek status as a nominal party by filing a § 2924l declaration in federal court. Compare, e.g., Tran v. Washington Mut. Bank, No. Civ. S–09–3277, 2010 WL 520878, at *1 (E.D.Cal. Feb.11, 2010) ("California Civil Code § 2924 l is a state procedural rule, and not state substantive law. Accordingly, nonmonetary status may not be granted in federal court.") (citation omitted), with, e.g., Pinales v. Quality Loan Serv. Corp., No. 09cv1884 L(AJB), 2010 WL 3749427, at *1 n. 1 (S.D. Cal. Sept. 22, 2010) (treating a defendant as a nominal party after it filed a § 2924l declaration in federal court). Courts in the Southern District of California allow a trustee to seek nominal party status in federal court. See Gomez v. Plaza Home Mortgage, Inc., 09cv2855-L(RBB), 2011 WL 940762 (S.D. Cal. Mar. 17, 2011) (holding that Defendant Quality filed a declaration of nonmonetary status with no objections filed so Quality is not required to participate any further); Ramirez v. SCME Mortg. Bankers, Inc., 09cv1931-L(POR), 2011 WL 9507, *1 (S.D. Cal. Jan. 3, 2011) (dismissing complaint with prejudice as to foreclosure trustee who filed declaration of nonmonetary status with no objections having been filed).

The Court follows the courts in this District. Accordingly, the Court dismisses the complaint with prejudice as to Counterdefendant Itskovich. See Ramirez, 2011 WL 9507, at *1.

**C.     Standing**

In its motion to dismiss, U.S. Bank argues that Albert Zappia has no standing to assert any claims against it because the allegations in the counterclaim all arise from the loan, and not the property. Counterclaimants argue that Albert Zappia has a specific interest in the outcome of this case since he is a title owner of the property. (Dkt. No. 76-1, Opp., Ex. B, Quit Claim Deed recorded on

1    July 24, 2012.)

2         Article III, section 2 of the United States Constitution requires that a plaintiff have standing

3    to bring a claim.  In order "to satisfy Article III' s standing requirements, a plaintiff must show (1) it

4    has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not

5    conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant;

6    and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable

7    decision."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81

8    (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)).

9         Here, the allegations in the counterclaim concern the Assignment of the Deed of Trust and  the

10   Note that was originally signed by Sandy Friedrichs, and not Albert Zappia.  Albert Zappia has not

11   shown that he has standing to assert claims against U.S. Bank.  Accordingly, the Court GRANTS

12   counterdefendant U.S. Bank's motion to dismiss Albert Zappia's counterclaim against it.

13   **D.    Statute of Limitations**

14        The remaining counterdefendants argue that the fraud and negligent misrepresentation claims

15   are barred by the statute of limitations.  They assert that counterclaimants had knowledge that Lehman

16   purchased the Loan from GreenPoint in July 2007 and that Park National had purchased the Loan from

17   Lehman in March 2008.  Moreover, counterclaimants had notice when the Assignment was recorded

18   on August 1, 2008 with the San Diego County Recorder's Office.  In opposition, counterclaimants

19   allege that they did not have a duty to investigate the discrepancy on the face of the documents because

20   the Assignment of the Deed of Trust was not signed by or delivered to the property owner.

21        The statute of limitation for a fraud claim is three years and is not "deemed to have accrued

22   until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  Cal. Civ.

23   Proc. Code § 338(d).  The statute of limitations for negligent misrepresentation is two years.  See

24   Ventura County Nat'l Bank v. Macker, 49 Cal. App. 4th 1528, 1529 (1996).

25        While counterdefendants Nygard and Bigall cite to California Civil Code section 1213 for

26   support that recording of the conveyance of real property gives constructive notice, this provision only

27   applies to subsequent purchasers and mortgagees.  See Cal. Civil Code § 1213; see also Berendsen v.

28   McIver, 126 Cal. App. 2d 347, 354-55 (1954) (where complaint seeking reformation of deed, on

ground of mistake, was filed over 6 years after execution and recording of deed and more than 3 years after death of plaintiff's testator, who was one of the grantees, but it was filed within 4 months of the discovery of the mistake by the plaintiff, action was not barred by 3 year limitations).  Another court stated that the "[r]ecord of an instrument is constructive notice of its contents, it is not constructive notice of any mistake contained therein." Edwards v. Sergi, 137 Cal. App. 369, 371 (1934).

In a more recent case, a court held that having constructive notice of the transfer pursuant to the recording of a deed "does not necessarily impute notice to him or inquiry notice to him for statute of limitations purposes." Newmark v. Kirkorian, No. B209533, 2009 WL 3957222, *6 (Cal. Ct. App. Nov. 20, 2009).  "Under a long line of cases, the fact that the victim had constructive notice of the truth from public records is no defense to fraud.  The existence of such public records may be relevant to whether the victim's reliance was justifiable, but it is not, by itself, conclusive. [Citations.]" Id. (citing Bishop Creek Lodge v. Scira, 46 Cal. App. 4th 1721, 1734 (1996); Tarke v. Bingham, 123 Cal. 163, 166 (1898) (mortgage containing mistake did not require finding that purchaser had discovered mistake for purposes of the statute of limitations. "[T]hough means of information were open to the plaintiff, it does not appear that there was any duty devolving upon him to make use of them"].)

Counterdefendants' argument that the statute of limitations began to run in 2008 when the Assignment of Deed was recorded or in 2007 when counterclaimants received a letter that there was a new purchaser of the Loan is without merit.  Although counterclaimants do not state when they learned about the alleged fraud and/or negligent misreprsentation, it appears they learned about it after the filing of the complaint against Friedrichs sometime after July 13, 2012.  Counterclaimants filed the counterclaim on November 1, 2012. (Dkt. No. 19-1.)  Accordingly, the Court concludes that the claims for fraud and negligent misrepresentation are not barred by the statute of limitations.

**E.     Allegation of Fraud Pursuant to Federal Rule of Civil Procedure 9(b)**

Counterdefendants argue that the counterclaimants' claim for fraud fail to meet the requirements of specificity under Federal Rule of Civil Procedure 9(b).

Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  A plaintiff alleging fraud at a minimum must plead the "time, place, and specific content of the false representations as well as the identities of the

1   parties to the misrepresentations." <u>Sanford v. Memberworks, Inc.</u>, 625 F.3d 550, 558 (9th Cir. 2010)

2   (<u>quoting</u> <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004)). "In the context of a fraud

3   suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each]

4   defendant[ ] in the alleged fraudulent scheme.'" <u>Swartz v. KPMG, LLP</u>, 476 F.3d at 756 765 (9th Cir

5   2007) (<u>quoting</u> <u>Moore v. Kayport Package Express</u>, 885 F.2d 531, 541 (9th Cir. 1989)).

6        In California, the elements of fraud are "(a) misrepresentation (false representation,

7   concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to

8   induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>Lazar v. Superior Court</u>, 12 Cal.

9   4th 631, 637 (1996).

10        In this case, the counterclaim does not identify the role of each defendant in the fraud.  The

11  allegations in the counterclaim all state "counterdefendants" without stating what, where, and when

12  each counterdefendant made misrepresentations to counterclaimants.   Accordingly, the Court

13  GRANTS the remaining counterdefendants' motion to dismiss for failure to comply with Federal Rule

14  of Civil Procedure 9(b) as to the claim of fraud.

15  **F.   Negligent Misrepresentation**

16        Courts are divided as to whether the heightened pleading standard of Federal Rule of Civil

17  Procedure 9(b) applies to the state law claim of negligent representation. <u>See</u> <u>Arroyo v. Pfizer, Inc.</u>,

18  No. C–12–4030 EMC,  2013 WL 415607, *7 (N.D. Cal. Jan. 31, 2013) (holding that negligent

19  misrepresentation must be pled under Rule 9(b)); <u>Petersen v. Allstate Indem. Co.</u>, 281 F.R.D. 413, 417

20  (C.D. Cal. 2012) (negligent misrepresentation need not meet requirements of Rule 9(b)); <u>Neilson v.</u>

21  <u>Union Bank, N.A.</u>, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2011) (stating that it is well established that

22  negligent misrepresentation must meet the requirements of Rule 9(b)).

23        The Court need not decide whether negligent misrepresentation must comply with Federal Rule

24  of Civil Procedure 9(b) since counterclaimants have failed to even state a claim under the notice

25  pleading standard of Federal Rule of Civil Procedure 8.

26        The elements of negligent misrepresentation are: "(1) a misrepresentation of a past or existing

27  material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce

28  another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon

by the party to whom the misrepresentation was directed, and (5) damages." <u>Fox v. Pollack</u>, 181 Cal. App. 3d 954, 962 (1986).

The facts to support negligent misrepresentation are "Counterdefendants represented that they had a valid Assignment and transfer of the interests under the Deed of Trust and concealed the unlawfulness of said Assignment with the intent to have counterclaimants act thereon to their detriment." (Dkt. No. 1-1, Compl. ¶ 21.)  They further state that "Counterclaimants were at all relevant times, unaware of the true facts and were justified in relying on the Counterdefendants representations." (<u>Id.</u> ¶ 22.)  As a result, counterclaimants suffered actual damages. (<u>Id.</u> ¶ 23.)

First, counterclaimants make allegations to all "counterdefendants" without indicating which counterdefendant performed what act of negligent misrepresentation. <u>See</u> <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (plaintiff failed to satisfy notice pleading requirements of Rule 8 by lumping all defendants together in one allegation).  Counterclaimants must allege the basis of their claim against each defendant to satisfy Rule 8(a)(2), which requires a short and plain statement of the claim to put each defendant on sufficient notice of the allegations against them.

Second, counterclaimants merely cite the elements of the cause of action without providing non-conclusory facts that would create a reasonable inference that they are entitled to relief. <u>See</u> <u>Moss</u>, 572 F.3d at 969.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct at 1949.  Accordingly, the Court grants the remaining counterdefendants' motion to dismiss as to negligent misrepresentation..

## G.    Mail Fraud and Bank Fraud

The counterclaim contains causes of action for mail and bank fraud pursuant to 18 U.S.C. §§ 1341 & 1344(2).  Mail and bank fraud are criminal prohibitions that do not provide a private cause of action or a basis for civil liability.  <u>See</u> <u>Ellis v. City of San Diego</u>, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's dismissal of sixteen claims based on provisions of the California Penal Code because "these code sections do not create enforceable individual rights"); <u>Aguirre v. Cal–Western Reconveyance Corp.</u>, No. CV 11–6911 CAS (AGRx), 2012 WL 273753, at *10 (C.D. Cal. Jan. 30, 2012) ("The mail fraud statute, 18 U.S.C. § 1341, is a criminal statute and does not provide for a private right of action."); <u>Schneider v. Bank of Am., N.A.</u>, 2012 WL 761975, *8 (E.D. Cal. Mar. 12,

1  2012) (finding no private cause of action for bank fraud); <u>Cobb v. Brede</u>, No. C 10–03907 MEJ, 2012

2  WL 33242, at *2 (N.D. Cal. Jan. 6, 2012) ("The Court assumes that Plaintiffs are referring to 18

3  U.S.C. §§ 1341 and 1343, which are the federal criminal statutes for mail and wire fraud. These

4  criminal statutes, however, do not provide litigants with a private right of action.").

5       Here, counterclaimants allege mail fraud pursuant to 18 U.S.C. 1341 and bank fraud pursuant

6  to 18 U.S.C.1344(2).  These are criminal statutes that do not provide a private cause of action.

7  Accordingly, the Court GRANTS the remaining counterdefendants' motion to dismiss the mail and

8  bank fraud claims.

9  **H.  RICO**

10       The counterclaim further alleges a cause of action under the Racketeer Influenced and Corrupt

11  Organizations ("RICO").  18 U.S.C. § 1962(c) provides that "[i]t shall be unlawful for any person

12  employed by or associated with any enterprise engaged in, or the activities of which affect, interstate

13  or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such

14  enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C.

15  § 1962(c).  A prima facie case for RICO under § 1962(c) requires "(1) conduct (2) of an enterprise (3)

16  through a pattern (4) of racketeering activity." <u>Sedima, S.P. R.L. v. Imrex Co., Inc.</u>, 473 U.S. 479, 496

17  (1985).  A plaintiff must also show harm of a specific business or property interest by the racketeering

18  conduct. <u>Id.</u>; <u>Diaz v. Gates</u>, 420 F.3d 897, 900 (9th Cir. 2005).

19       "Racketeering activity" is any act indictable under the several provisions of Title 18 of the

20  United States Code, including the predicate acts possibly alleged by Plaintiffs in this case: mail fraud

21  (18 U.S.C. § 1341) and bank fraud (18 U.S.C. § 1344).  <u>See</u> 18 U.S.C. § 1961(1).

22      **1.  Allegations of Fraud Pursuant to Federal Rule of Civil Procedure 9(b)**

23       For mail and bank fraud, a plaintiff must allege (1) formation of a scheme to defraud, (2) use

24  of the United States mail or wire in furtherance of the scheme to defraud, and (3) specific intent to

25  deceive or defraud. <u>Schreiber Distrib. Co. v Serv-Well Furniture Co., Inc.</u>, 806 F.2d 1393, 1399-1400

26  (9th Cir. 1986).  For predicate acts involving fraud, a plaintiff must plead the facts with the

27  particularity required by Federal Rule of Civil Procedure 9(b). <u>Edwards v. Marin Park. Inc.</u>, 356 F.3d

28  1058, 1065-66 (9th Cir. 2004).  Federal Rule of Civil Procedure 9(b) requires that "a party must state

[12cv2373-GPC(KSC)]

with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  Rule 9(b) applies to civil RICO claims.  Edwards, 356 F.3d at 1065-66.  "Allegations of mail fraud under section 1962(a)-1962(c) 'must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme.'" Schreiber Distrib. Co., 806 F.2d at 1401 (quoting Lewis v. Sporck, 612 F. Supp. 1316, 1325 (N.D. Cal. 1985)).

Counterclaimants allege that the counterdefendants include all "financial institutions and individuals operating on their behalf from Park National and its Vice President Patrick Nygard to U.S. Bank and its representatives." (Dkt. No. 19-1, Counterclaim ¶ 43.)  However, the Counterclaim only names U.S. Bank, and Nygard as defendants.  Moreover, counterclaimants have failed to allege the role of each defendant in the scheme.  See Screibner Distrib. Co., 806 F.2d at 1401.  Counterclaimants make conclusory allegations based on the elements of RICO; however, there are no specific facts as to each defendants' involvement in the conduct.  Accordingly, the Court GRANTS the remaining counterdefendants' motion to dismiss the RICO claims based on the predicate acts of mail and bank fraud for failure to comply with Federal Rule of Civil Procedure 9(b).

### Conclusion

Based on the above, the Court GRANTS Albert Zappia's motion to intervene; DENIES Defendants' motion to disqualify Plaintiffs' attorney Wayser and Tanada; and DENIES Defendants' motion to dismiss.  As to the counterclaim, the Court DISMISSES with prejudice Counterdefendant Itskovich; and GRANTS remaining counterdefendants' motion to dismiss.  Counterclaimant Sandy Zappia is granted leave to file an amended complaint no later than 30 days from the filing of the Court's order.

IT IS SO ORDERED.


DATED:  February 13, 2013


HON. GONZALO P. CURIEL
United States District Judge

[12cv2373-GPC(KSC)]