# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national banking association, as successor-in-interest to the FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for Park National Bank,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>SANDY K. FRIEDRICHS, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　　Defendant;<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 12cv2373-GPC(KSC)<br><br>**ORDER GRANTING COUNTERDEFENDANTS' MOTION TO DISMISS ALBERT ZAPPIA'S SECOND AMENDED COUNTERCLAIM WITH PREJUDICE; GRANTING COUNTERCLAIMANT SANDY ZAPPIA'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM; DENYING ALBERT ZAPPIA'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COUNTERCLAIM; AND DENYING COUNTERDEFEDANTS' MOTIONS TO DISMISS SANDY ZAPPIA'S SECOND AMENDED COUNTERCLAIM AS MOOT**<br><br>[Dkt. Nos. 134, 136, 153, 157.] |

On September 6, 2013, Counterclaimants Sandy Zappia[1] and Albert Zappia filed a second amended counterclaim against Counterdefendants U.S. Bank, as successor to the Federal Deposit Insurance Corporation, as Receiver for Park National; Nicholas

---

[1] Sandy Zappia is also known as Sandy Friedrichs, the named Defendant.

- 1 -　　　　　　　　　　　　　　　　　　　[12cv2373-GPC(KSC)]

Ocepek; Jocelyn Bigall; Robin Tharpe; Jacqueline Barlow; Patrick Nygard; and Joshua Wayser. (Dkt. No. 130.) On September 23, 2013, Counterdefendants U.S. Bank National Association, Bank, ("U.S. Bank") and Joshua Wayser filed a motion to dismiss the second amended counterclaim. (Dkt. No. 134.) On September 23, 2013, Counderdefendant Nicholas Ocepek filed a joinder to the motion to dismiss. (Dkt. No. 135.) Counterdefendants Jocelyn Bigall and Patrick Nygard also filed a motion to dismiss the second amended counterclaim. (Dkt. No. 136.)

On September 30, 2013, Counterclaimant Sandy Zappia, filed a notice of substitution of attorney. (Dkt. No. 146.) The substitution of attorney applies only to Sandy Zappia, not Albert Zappia.

Counterclaimant Sandy Zappia, with counsel, filed an opposition on October 22, 2013.[2] (Dkt. No. 148.) Counterclaimant Albert Zappia, still proceeding *pro se*, filed an opposition on October 22, 2013. (Dkt. No. 150.) On November 14, 2013, Counterdefendants filed their replies. (Dkt. Nos. 159, 160, 162.)

On November 4, 2013, Counterclaimant Sandy Zappia filed a motion for leave to file a third amended counterclaim. (Dkt. No. 153.) On November 12, 2013, Albert Zappia also filed a motion for leave to file a third amended counterclaim. (Dkt. No. 157.) Counterdefendants U.S. Bank, Ocepek, Bigall and Nygard filed their oppositions on November 22 and 24, 2013. (Dkt. Nos. 163, 165, 167.) On December 3, 2013, Counterclaimants filed their replies. (Dkt. Nos. 169, 170.)

The motions are submitted on the papers without oral argument, pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and the applicable law, the Court GRANTS Counterdefendants' motion to dismiss Albert Zappia's second amended counterclaim with prejudice; and DENIES Albert Zappia's motion for leave to file a third amended counterclaim. The Court also GRANTS Counterclaimant Sandy Zappia's motion for leave to file a third amended

---

[2] On October 22, 2013, Sandy Zappia filed a notice of dismissal as to Defendants Ocepek, Bigall, Thorpe, Barlow, Nygard and Wayser. (Dkt. No. 151.)

counterclaim; and DENIES Counterdefendants' motions to dismiss Sandy Zappia's second amended counterclaims as MOOT.

**Procedural Background**

On July 13, 2012, Plaintiff U.S. Bank filed a complaint in the Superior Court of San Diego against Defendant Sandy Friedrichs, also known as Sandy Zappia, for appointment of receiver and judicial foreclosure. On September 28, 2012, Defendant Sandy Zappia and non-party Albert Zappia, Defendant's husband, proceeding *pro se*, removed the case to this Court. (Dkt. No. 1.) On October 12, 2012, the case was transferred to the undersigned judge. (Dkt. No. 2.) On October 15, 2012, Defendant filed an *ex parte* motion for temporary restraining order and preliminary injunction seeking to restrain Plaintiff from foreclosing Defendant's business property located at 1340 La Mirada Drive, San Marcos, California 92078. (Dkt. No. 3.) On October 18, 2012, the Court denied Defendant's *ex parte* motion for a temporary restraining order because the Court concluded that Defendant had not shown irreparable harm since Plaintiff had moved the sale of the property to November 15, 2012. (Dkt. No. 6.) After further briefing and hearing oral argument on the motion for preliminary injunction, on November 9, 2012, the Court granted Defendant's motion for preliminary injunction pending further briefing. (Dkt. Nos. 30, 33.)

On November 1, 2012, Counterclaimants Sandy Zappia and Albert Zappia filed a counterclaim against Counterdefendants U.S. Bank, Nicholas Ocepek, Erica Itskovich, Jocelyn Bigall and Patrick Nygard. (Dkt. No. 19-1.) On February 13, 2013, the Court granted Albert Zappia's motion to intervene; denied Defendants' motion to disqualify Plaintiff's attorney Wayser and Tanada; denied Defendants' motion to dismiss; granted Counterdefendants U.S. Bank, Nygard and Bigall's motions to dismiss the counterclaim; granted Counterdefendant Ocepek's motion to dismiss and dismissed Counterdefendant Itskovich with prejudice. (Dkt. No. 102.) The Court granted Counterclaimant Sandy Zappia leave to file an amended counterclaim. (Id.) On February 13, 2013, the Court issued an order dissolving the preliminary injunction for

failure to satisfy the factors to support a preliminary injunction and failure to comply with bond requirements under the Civil Local Rules. (Dkt. No. 104.)

An amended counterclaim was filed on March 14, 2013. (Dkt. No. 106.) On August 30, 2013,the Court granted Counterclaimants' motion for leave to file a second amended counterclaim and denied Coutnerdefendants' motions to dismiss as moot. (Dkt. No. 129.)

On September 6, 2013, Counterclaimants filed an second amended counterclaim. (Dkt. No. 130.) On September 23, 2013, Counterdefendants U.S. Bank, Ocepek, Wayser and Bigall filed motions to dismiss the second amended counterclaim. (Dkt. Nos. 134, 135, 136.)

On November 4, 2013, Counterclaimant Sandy Zappia filed a motion for leave to file a third amended counterclaim against Counterdefendant U.S. Bank only. (Dkt. No. 153.) The proposed second amended counterclaim alleges causes of action for cancellation of instruments; violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; unfair business practices under California Business & Professions Code section 17200 *et seq*.; declaratory relief; accounting; unjust enrichment; and quiet title. (Id.) On November 12, 2013, Counterclaimant Albert Zappia filed a motion for leave to file a third amended counterclaim against Counterdefendants U.S. Bank, Robin Tharpe; Jacqueline Barlow; Jocelyn Bigall; and Patrick Nygard. (Dkt. No. 157.) He alleges causes of action that U.S. Bank is not the real party in interest; cancellation of instruments; violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; violation of California Business & Professions Code section 1700 et seq.; declaratory relief, accounting; quiet title; and RICO violations. (Id.)

**Factual Background**

Around April 9, 2007, GreenPoint Mortgage Funding lent Defendant Sandy Friedrichs, on a recourse basis, the principal sum of $340,000, secured by the property located at 1340 La Mirada Drive, San Marcos, CA 92078. (Dkt. No. 1-1, Compl. ¶ 5.) The loan was memorialized in a written Promissory Note. (Id. ¶ 6; Ex. 2.) On April

18, 2007, GreenPoint recorded a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") with the San Diego County Recorder's Office. (Id. ¶ 7; Ex. 3.) Defendant executed the Deed of Trust as trustor, to GreenPoint, as beneficiary, and to Marin Conveyancing Corp., as trustee. (Id.) On August 1, 2008, Park National recorded an "Assignment of Deed of Trust" whereby GreenPoint assigned all of its right, title, and interest in, to and under the Note, Deed of Trust and Assignment to Park National. (Id. ¶ 10; Ex. 4.) On October 30, 2009, the FDIC placed Park National into receivership and assigned the assets of Park National, including the Loan, to U.S. Bank. (Id. ¶ 10; Ex. 5.)

Section 3 of the Deed of Trust contains a provision entitled, Assignment of Rents; Appointment of Receiver; Lender in Possession which assigns to Lender rents, issues, and profits from the property. (Id. ¶ 8.) It also allows Lender to collect, sue for and compromise rents and to direct tenants of the Property to pay all rent to, or as directed by Lender upon the occurrence of an event of default; and also allows the Lender to seek an appointment of receiver through the courts. (Id.)

Defendant failed to make her monthly payments starting in March 2012. (Id. ¶ 11.) Defendant's failure to pay the loan is a default on the obligations for which the deed of trust is security. (Id. ¶ 12.) As of June 18, 2012, the principal amount due and owing was $282,834.66, plus accrued default interest, late charges, and other fees. (Id.) Plaintiff seeks specific performance for appointment of receiver and judicial foreclosure against Defendant Sandy Zappia.

In the second amended counterclaim, Counterclaimants allege that U.S. Bank is not the lawful owner of the Note and the assignment of the Note and Deed of Trust was void.

## Discussion

**A.   Standing as to Albert Zappia**

In the Court's prior order filed on February 13, 2013, the Court concluded that Albert Zappia has not shown he has standing to assert claims against U.S. Bank and

granted Counterdefendant U.S. Bank's motion to dismiss Albert Zappia's counterclaim against it.  (Dkt. No. 102 at 10.)

In the instant motions to dismiss, Counterdefendants argue that Albert Zappia has no standing to assert any claims against it because the allegations in the counterclaim all arise from the loan, and not the property.  Counterclaimant Albert Zappia does not address the standing issue in his briefs.

Article III, section 2 of the United States Constitution requires that a plaintiff has standing to bring a claim.  In order "to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)); cf. Bateman v. Countrywide Home Loans, 12-0033 SOM/BMK, 2012 WL 5593228, at 4 (D. Haw. Nov. 14, 2012) (borrowers who are not parties to or beneficiaries of a pooling and service agreement lack standing to challenge alleged violations of such agreements).  Here, Albert Zappia is not a party to the loan documents and he does not demonstrate that he has standing to allege claims against U.S. Bank.  Accordingly, the Court GRANTS Counterdefendant's motion to dismiss Albert Zappia's second amended counterclaim with prejudice and DENIES Albert Zappia's motion for leave to file a third amended counterclaim.

**B.     Legal Standard Under Federal Rule of Civil Procedure 15(a)**

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading may be allowed by leave of the court and such leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Granting leave to amend rests in the sound discretion of the trial court.  Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).  This

discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). This liberality is "applied even more liberally to pro se litigants." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties. Union Pacific R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

Here, Counterclaimant Sandy Zappia, with new counsel, seeks leave to file a third amended counterclaim. She contends that the proposed amendment is not made in bad faith and not futile as the law in California has changed under Glaski v. Bank of America, Nat'l Assoc., 218 Cal. App. 4th 1079 (2013). Counterdefendants argue that counterclaimant has had numerous opportunities to amend the deficiencies in the counterclaim and has failed to do so. They also argue the proposed amendments are futile.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); accord Green Valley Corp. v. Caldo Oil Co., No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting "the general preference

against denying a motion for leave to amend based on futility."). Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, is better left for briefing on a motion to dismiss. Lillis v. Apria Healthcare, No. 12cv52-IEG(KSC), 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

Here, both parties argue, in detail, the merits of the Glaski case. However, at this stage of the proceedings, the Court need not consider the validity of the proposed amended pleading, and in light of the Ninth Circuit's extremely liberal policy favoring leave to amend, the Court GRANTS Counterclaimant Sandy Zappia's motion for leave to file a third amended counterclaim. See Lillis, 2012 WL 4760908 at *1. The Court also notes that now that Sandy Zappia is no longer proceeding *pro se* and has retained counsel, the case will now be able to proceed efficiently on the merits.

**Conclusion**

Based on the above, the Court GRANTS Counterdefendants' motion to dismiss Albert Zappia's second amended counterclaim for lack of standing with prejudice and DENIES Albert Zappia's motion for leave to file a third amended counterclaim. The Court also GRANTS Counterclaimant Sandy Zappia's motion for leave to file a third amended counterclaim, and DENIES Counterdefendants' motions to dismiss Sandy Zappia's second amended counterclaim as MOOT. Counterclaimant Sandy Zappia shall file the proposed third amended counterclaim within seven (7) days of the filing of this order.

IT IS SO ORDERED.

DATED: December 17, 2013

HON. GONZALO P. CURIEL
United States District Judge